UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) SA-25-CR-00180-XR |
| | ) |
| **JAMES RONALD GARDELLA, III** | ) |
| | ) |
| **Defendant.** | ) |

**GOVERNMENT'S UNOPPOSED MOTION SEEKING A PROTECTIVE ORDER PURSUANT TO F.R.Cr.P. 16(d) AND MOTION TO SEAL**

TO THE HONORABLE JUDGE OF SAID COURT, THE HONORABLE XAVIER RODRIGUEZ:

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this, Government's Motion Seeking a Protective Order Pursuant to F.R.Cr.P. 16(d) as well as a Motion to Seal and would show the Court the following:

**I. Background.**

On April 2, 2025, a federal grand jury returned a three (3) count indictment charging defendant with various violations of federal law relating to the exploitation of children, for which the defendant faces up to 30 years imprisonment.

The United States is prepared to turn over to defense counsel a copy of discovery materials, including material involving a minor victim. Additionally, the United States is prepared to make available to the defense the law enforcement reports, photographs, phone records, and other evidence in accordance with this Court's standing discovery order.

Among the items that will be made available to defense counsel is sensitive information relating to the exploitation of a minor victim. In addition, some of the material relates to an ongoing investigation into the defendant's activities that could reveal the identities of additional victims. The United States would thus request a protective order under F.R.Cr.P. 16(d), to restrict the dissemination of discovery to protect the identity and privacy of the minor victim.

## II. Authority.

Fed.R.Crim.P. 16(d) permits a court at any time, to "for good cause deny, restrict or defer discovery or inspection, or grant other appropriate relief." "The granting of a Rule 16 discovery motion is a matter for the sound discretion of the trial court, review able only for an abuse of that discretion." *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973). "[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969) (citing prior version of Fed.R.Crim.P. 16(d)).

As indicated above, the material at issue here includes information relating to minor victim. It also includes information pertinent to ongoing criminal investigations. The United States does not seek to defer or deny the defendant's access to discovery; instead, the United States seeks only to prevent defense counsel from further disseminating or reproducing any discovery provided to or made available to the defense.

There is authority supporting the request of the United States for the restriction of discovery in the case at bar. The need to protect witnesses from physical or other harm or intimidation has been deemed an appropriate reason to defer discovery. *United States v. Higgs*, 713 F.2d 39, 44 (3rd Cir. 1983); *see* Advisory Committee Notes, 1966 Amendment (Subdivision (e): "[A]mong the considerations to be taken into account by the court will be the safety of witnesses and others, a

particular danger or perjury or witness intimidation."), 1974 Amendment (Subdivision (d)(1): "it is obvious one would be appropriate where there is reason to believe a witness would be subject to physical or economic harm if his identity is revealed."). The need to protect ongoing investigations has also been deemed an appropriate basis for obtaining a protective order limiting or deferring discovery. *United States v. Nava-Sanchez*, 30 F.3d 788, 801 (7th Cir. 1994).

The government recognizes the defense's right to this material to prepare a defense and ensure a fair trial. *United States v. Fischel*, 686 F.2d 1082 (5th Cir. 1982). Accordingly, as set forth above, the United States does not suggest that disclosure be deferred or denied, instead, the United States merely requests that this Court enter an Order preventing defense counsel from further reproduction or dissemination or disclosure in any manner any kind of any discovery provided to or made available to the defense. The United States further requests that any items provided in discovery to defense counsel be returned to the United States at the conclusion of the case so that it can be properly preserved for future litigation and destroyed after the expiration of applicable time limitations for such litigation. The government would therefore pursuant to F.R.Cr. P. 16(d), request that the discovery material in this case be protected and disclosure be restricted.

### III. Conference with Defense

The Government notified Defense counsel of its intent to file this Motion. Defense counsel indicated they are unopposed to this Motion.

### IV. Request for Sealing.

The United States also requests that this Court SEAL this Motion and the Court's Order hereon. Rule 16(d) permits the government to file motions for protective order ex parte and under seal; however, the United States does not believe it is necessary to file the instant request ex parte,

3

but it does believe that this Motion and Order should be sealed to prevent public disclosure and access to the information contained in the Motion.

## V. Prayer for Relief.

WHEREFORE, premises considered, the Government prays that the above-described discovery material be protected from disclosure, that this Court will enter an Order preventing the defendant from reproducing and/or further disseminating or disclosing the discovery provided to or made available to defense counsel until further notice by this court. Also, the United States also respectfully requests that this Court SEAL this Motion and the Court's Order hereon.

Respectfully submitted,
MARGARET F. LEACHMAN
ACTING UNITED STATES ATTORNEY

BY:        /s/
CHRISTOPHER KIRK MANGELS
Assistant United States Attorney
PA Bar #208725
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7150

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of April, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Said filing shall be emailed to all defense counselors in the above styled and numbered cause.

       /s/
CHRISTOPHER KIRK MANGELS
Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) SA-25-CR-00180-XR |
| | ) |
| JAMES RONALD GARDELLA, III | ) |
| | ) |
| Defendant. | ) |

## ORDER

On this date came on to be considered the Government's Motion Seeking a Protective Order Pursuant to F.R.Cr.P. 16(d) and its Motion to Seal, in the above entitled and numbered cause and the Court having considered the same, makes the following order, in granting the government's motion.

Concerning the discovery in this case, IT IS ORDERED

    A.    Discovery materials shall be used only by Defendant and his counsel solely for purposes of this action;

    B.    Discovery materials may be shown to the Defendant, but Defendant shall not receive a copy of the discovery.

    C.    Counsel for the Defendant shall not disclose the discovery material in any form to anyone except as to the following persons (referred to as "designated persons"):

        (i)    Secretarial, clerical, paralegal and student personnel employed full-time or part-time by defendant's attorney;

        (ii)    Independent expert witnesses, advisors and/or investigators retained by defendant in connection with this action; and

        (iii)    Such other persons as may be authorized by the Court upon motion of the Defendant.

Should any disclosure be made, Defendant and his counsel shall provide a copy of the Protective Order to the designated persons to whom they disclose such information, and who shall be

subject to the terms of the protective order. An acknowledgment of the terms of this Order shall be signed by designated persons and sent to the Court ex parte.

Upon conclusion of this case, all discovery materials and any copies thereof, including that which has been disseminated by Defendant and his counsel to designated persons, shall be returned to the Government or shall be certified to have been destroyed.

IT IS FURTHER ORDERED that the defense counsel in this case shall provide a copy of this Order to the Defendant herein and shall explain to him the terms of the Order, along with the penalties for violating this Court's Orders.

FINALLY, IT IS ORDERED that the government's Motion and this Order be hereby SEALED.

SIGNED AND ENTERED this day of _____, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE